Legislators — Voting — Monetary Interest The fact of being a member of the Oklahoma Teachers' Retirement System and receiving retirement benefits from such system, while also being a member of the Oklahoma Legislature does not constitute sufficient personal or private interest under the terms of Section 24, Article V, Section 24 Oklahoma Constitution, as to make the provisions of said section applicable to such member in reference to a measure or bill pending in the Legislature on the subject of said Oklahoma Teachers' Retirement System, and require such member to disclose his interest on such pending measure or bill and abstain from voting thereon provided the pending bill is general legislation. However, we feel this is still a matter for your conscience and one which you must settle for yourself. Title 74 O.S. 1409 [74-1409] (1968) constitutes an absolute prohibition against a legislator voting for any proposed special interest legislation which directly affects him or in which he has, or may have, substantial financial interest, such as a vote by him to increase the retirement benefits of retired members of the Teachers' Retirement System who are now serving in the Legislature. The Attorney General is in receipt of your letter of recent date wherein, as a member of the Oklahoma House of Representatives, you request our opinion on the following question: "Does the fact of being a member of the Oklahoma Teachers' Retirement System and receiving retirement benefits from such system, while also being a member of the Oklahoma Legislature, constitute sufficient `personal or private interest' under the terms of Article V, Section 24 Oklahoma Constitution, as to make the provisions of said Article V, Section 24 applicable to such member in reference to a measure or bill pending in the Legislature on the subject of said Oklahoma Teachers' Retirement System, and require such member to disclose his interest on such pending measure or bill and abstain from voting thereon?" Article V, Section 24 Oklahoma Constitution provides: "A member of the Legislature, who has a personal or private interest in any measure or bill, proposed or pending before the Legislature, shall disclose the fact to the House of which he is a member, and shall not vote thereon ." Title 74 O.S. 1402 [74-1402] (1968) provides: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Title 74 O.S. 1409 [74-1409] (1968), in pertinent part provides: "No Legislator shall: "(a) Introduce, promote or vote for any proposed special interest legislation on his own behalf, or on behalf of any other person, corporation, partnership, trust or business entity which directly affects such Legislator or in which such Legislator has or may have any substantial financial interests other than legislation affecting legislative salaries, expenses and allowances; provided, that this provision shall not preclude a Legislator from introducing, promoting or voting for any proposed general legislation which directly affects him or in which he has or may have any substantial financial interest;" So far as we are able to discover, our Supreme Court has not interpreted Article V, Section 24, supra. According to Williams Annotated Constitution of Oklahoma. we adopted Section 24 from either Alabama, (Constitution of 1901, Section 82), Pennsylvania, (Constitution of 1873, Article 3, Section 33), or Texas, (Constitution of 1876, Article 3, Section 22). Of these three states, only the Alabama court has even discussed its Section 82. In the case of Hall v. Blan, 227 Ala. 64, 148 So. 601, (1933), the court, in discussing legislative pay, said: "Again, the Constitution fixes the compensation or allowance of no other public official. To relieve legislators of the responsibility of dealing with a matter in which they had a direct personal interest, the criticism, as well as the temptation, seems an obvious reason for dealing with the entire subject in the Constitution itself. This is in keeping with Section 82 of the Constitution, declaring that a legislator having a personal or private interest in any measure shall recuse himself and not vote thereon." In Vernon's Ann. Tex. Const., Art. 3, Section 22, we find the following interpretive commentary: "A long existing rule of legislative bodies is that members thereof shall not vote on matters in which they have a personal or private interest. This subject is regulated by the House of Commons by a rule which forbids a member to vote on a matter in which he has a direct pecuniary interest, immediate and personal, and not merely of a general or remote description. Legislative bodies in the United States either possess a similar rule or a constitutional provision as in Texas. "Jefferson stated the reasons for such a provision as follows: `Where the private interests of a member are concerned in a bill or question, he is to withdraw. And where such an interest has appeared, his voice has been disallowed, even after division. In a case so contrary not only to the laws of decency, but to the fundamental principles of the social compact, which denies to any man to be a judge in his own cause, it is for the honor of the House that this rule of immemorial observance should be strictly adhered to.' See 11, The Writings of Thomas Jefferson, 368 (Library ed. 1903). "It has been noted that, despite the reasonableness and necessity for such a provision requiring a legislator not to vote on a bill in which he has a personal or private interest and also requiring disclosure of such interest, it is often difficult to define and distinguish `personal or private interest.' "The interpretation is frequently a matter for the conscience of the individual legislator, a point he must settle for himself. In many cases the existence of a private or personal interest may be shadowy, a clear and sharp line being difficult to draw." It is therefore the opinion of the Attorney General that your question be answered in the negative provided the measure or bill pending upon which you are voting is general legislation. However, we feel this is still a matter for your conscience and one which you must settle for yourself. It is the further opinion of the Attorney General that 74 O.S. 1409 [74-1409] (1968) constitutes an absolute prohibition against a legislator voting for any proposed special interest legislation which directly affects him or in which he has, or may have, substantial financial interest, such as a vote by you to increase the retirement benefits of retired members of the Teachers' Retirement System who are now serving in the Legislature. (W. J. Monroe) (Ed. Note: Conflict of interest, legislators)